UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

| | |
|---|---|
| Shinrick Norwood, individually and on behalf of all others similarly situated;<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-v.-<br><br>Simpson Law Firm PA,<br>Advanced Recovery Systems, Inc.;<br><br>　　　　　　　　　　Defendant(s). | Civil Action No: 3:22-cv-493-HTW-LGI<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Shinrick Norwood (hereinafter, "Plaintiff"), a Mississippi resident, brings this Class Action Complaint by and through his attorneys, against the Defendant Simpson Law Firm PA (hereinafter "Defendant Simpson") and the Defendant Advanced Recovery Systems, Inc. (hereinafter "Defendant ARS") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

　　　　1.　　Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Mississippi consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages, declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Mississippi, County of Humphreys.

8. Defendant Simpson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 214 Key Drive, Suite 1000, Madison, Mississippi 39110.

9. Upon information and belief, Defendant Simpson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant ARS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 219 Katherine Drive, Flowood, Mississippi 39232.

11. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of Mississippi;

   b. to whom the Defendant Simpson, on behalf of the Defendant ARS, sent a collection letter attempting to collect a consumer debt;

   c. which failed to properly identify the current creditor to whom the debt was allegedly owed;

   d. that contained language that overshadowed the consumer's rights, including the 30-day validation period required by 15 U.S.C. § 1692g; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A**, violate 15 U.S.C. §§ l692e, 1692f and/or 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 §§ l692e, 1692f and/or 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, on or around March 19, 2020, a medical obligation was allegedly incurred between the Plaintiff and Capital Ortho Physical Therapy LLC (hereinafter "Capital").

23. The Capital account was an obligation that arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically medical services.

24. The alleged Capital account is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Upon information and belief, Defendant ARS took over collection of the Capital account and subsequently assigned or retained the Defendant Simpson to collect the debt(s). Therefore, Defendant ARS and the Defendant Simpson are "debt collectors" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

26. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

27. Defendant ARS has policies and procedures in place that govern the Defendant Simpson's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant ARS's control over the Defendant Simpson's collection practices.

28. By virtue of the relationship between the two Defendants, Defendant ARS exercised control over the Defendant Simpson while the latter was engaged in collecting the subject debt on behalf of the former.

29. Therefore, Defendant ARS should be held vicariously liable for any and all violations committed by the Defendant Simpson.

*Violation – August 23, 2021 Collection Letter*

30. On or around August 23, 2021, Defendant Simpson, on behalf of the Defendant ARS, sent a collection letter to the Plaintiff. *See* the "Letter" annexed hereto as **Exhibit A**.

31. The Letter violates multiple sections of the FDCPA.

32. When a debt collector solicits payment from a consumer, it must, within five days of the initial communication, provide the consumer with a written validation notice, known as a "G Notice," which must include the following information:

    a. The amount of the debt;

    b. The name of the creditor to whom the debt is owed;

    c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    d. a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

    collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector and;

  e. a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(emphasis added).

  33. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russel v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put differently, a notice containing "language that overshadows or contradicts other language informing a consumer of her rights … violates the Act." *Id.* at 34.

  34. While the Letter contains some of the statutorily required "G Notice" information, the same is completely overshadowed by other statements in the Letter.

  35. Specifically, this Letter contains language that overshadows the notice to the consumer that he or she is entitled to dispute the alleged debt within thirty (30) days of the receipt of the Letter.

  36. The Letter further failed to meet the requirements of the "G Notice" in that it deceptively fails to identify to whom the alleged debt is owed (current creditor), or who will be credit reporting in relation to the Capital account.

  37. The Letter is an initial collection letter and lists a total balance of $1,616.00.

38. The Letter lists a "provider" as Capital Ortho Physical Therapy LLC.

39. However, the Letter then states:

> "This law firm represents Advanced Recovery Systems, Inc., a collection agency hired by your original provider identified above to collect the past due account and "Total Amount Due" shown above... If you do not dispute the indebtedness, please remit payment in the "Total Amount Due" shown above to this office within 30 days from your receipt of this correspondence."

40. The demand for payment within thirty (30) days of the receipt of the Letter overshadows the fact that the Plaintiff has thirty (30) days from the date of the receipt of the Letter to dispute and receive validation of the debt pursuant to the "G Notice."

41. Requiring payment within the statutorily protected period is confusing because the least sophisticated consumer would believe that the consumer had less than a month to issue payment or face additional debt collection activities, including potential litigation.

42. As a result, Defendants overshadowed the Plaintiff's right to validate or dispute the debt under the FDCPA.

43. Plaintiff sustained an imminent risk of harm in that he received false, deceptive and/or materially misleading information about the alleged debt that prevented him from making reasonable decisions about whether to pay the debt.

44. In addition to improperly overshadowing the "G Notice," the Letter further violates the FDCPA in that it does not clearly identify who currently owns the alleged Capital account.

45. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

46. Mere illusions are not enough because the Letter must specifically and clearly state who the creditor is.

47. Defendants failed to provide the consumer with a proper initial communication letter by failing to clearly identify the current creditor of the debt.

48. The term creditor is never used within the Letter and it is unclear whether the Defendant ARS is a creditor, or if the term "provider" is intended to reference the current creditor, original creditor, or something else.

49. For the foregoing reasons, Plaintiff was unable to evaluate his options of how to handle this debt.

50. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

51. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

52. Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendants' misrepresentations and omissions concerning the characterization and legal status of the debt.

53. Plaintiff has suffered wasted time and annoyance because of the Defendants' misrepresentations and omissions concerning the characterization and legal status of the debt.

54. Plaintiff has expended, and continues to expend, time and money because of the Defendants' misrepresentations and omissions concerning the characterization and legal status of the debt.

55. In reliance on the Letter, Plaintiff has spent time and money in an effort to mitigate the risk of financial harm in the form of dominion and control of his funds.

56. In reliance on the Letter, Plaintiff prioritized his funds elsewhere, including spending time and money in an effort to mitigate the financial and reputational harm caused by the Defendants in the form of negative credit information furnishment/dissemination.

57. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

58. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

59. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, intimidation, negligent infliction of emotional distress, conversion and defamation.

60. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

61. Plaintiff is entitled to receive proper notice of the character and legal status of the debt, as required by the FDCPA.

62. Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

63. These violations by the Defendants were knowing, willful, negligent, and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

64. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

66. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

67. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

68. Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

69. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

70. As a result of the Defendants' deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

71. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

72. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Defendants violated §1692e, including, but not limited to §§ 1692e (2)(A) and 1692e (10), by:

   a. Demanding payment of the debt within thirty (30) days from the receipt of the correspondence, overshadowing the Plaintiff's rights under the FDCPA; and

   b. Failing to clearly identify the current creditor to whom the debt is owed.

75. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

76. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

79. Defendants violated §1692f by:

   a. Demanding payment of the debt within thirty (30) days from the receipt of the correspondence, overshadowing the Plaintiff's rights under the FDCPA; and

   b. Failing to clearly identify the current creditor to whom the debt is owed.

80. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

81. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

82. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

83. Pursuant to 15 U.S.C. §1692g(b), the language in a debt collector's letter cannot overshadow a plaintiff's right to validate or dispute the debt, as provided by § 1692g.

84. Defendants violated 15 U.S.C. § 1692g by:

   a. Demanding payment of the debt within thirty (30) days from the receipt of the correspondence, overshadowing the Plaintiff's rights under the FDCPA; and

   b. Failing to clearly identify the current creditor to whom the debt is owed.

85. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

86. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shinrick Norwood, individually and on behalf of all others similarly situated demands judgment from Defendants as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and undersigned counsel as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 23, 2022

/s/ *Michael T. Ramsey*
By:  Michael T. Ramsey
**Sheehan and Ramsey, PLLC**
429 Porter Avenue
Ocean Springs, MS, 39564
Phone: (228) 875- 0572
Fax: (228) 875-0895
MS Bar No. 104978
*Attorney For Plaintiff*